IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| MARICO TREMAYNE ROSSELL | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:14-cv-02737-TLP-dkv |
| v. | ) | |
| | ) | JURY DEMAND |
| TONEY ARMSTRONG, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Before the Court is the Motion for Summary Judgment filed on April 12, 2017 (ECF No. 25), by Defendants, Former Memphis Police Officer Brett A. Murphy and Memphis Police Officer Jason W. Williford (individually referred to as "Murphy" and "Williford," and collectively as "Defendants"). For the following reasons, the Motion is GRANTED.

**BACKGROUND**

**I.    Procedural History**

On September 19, 2014, *pro se* Plaintiff Marico Tremayne Rossell ("Plaintiff"), who, until recently was an inmate at the South Central Correctional Facility in Clifton, Tennessee, filed his *pro se* Complaint against Defendants, Retired Memphis Police Chief Toney Armstrong, and a "John Doe" Memphis Police Internal Affairs Officer Defendant, claiming violations of his constitutional rights and seeking relief under 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff alleges that Defendants, Williford in particular, used excessive force in effecting Plaintiff's arrest on September 17, 2013, and that Defendants denied Plaintiff adequate medical treatment after his

arrest, which violated his Eighth and Fourteenth Amendment rights under the U.S. Constitution. (*Id.* at PageID 7.) The Court granted Plaintiff leave to proceed *in forma pauperis* (ECF No. 5), and subsequently dismissed portions of the Complaint and directed that process be served on Murphy and Williford, the remaining Defendants. (ECF No. 7.) Murphy is no longer employed with MPD, but Williford is. (ECF Nos. 25-3, 25-4.) Williford filed his Answer on April 28, 2016, and Murphy filed his Answer on December 5, 2016. (ECF No. 23.)

On April 12, 2017, Defendants jointly filed a Motion for Summary Judgment ("Motion"), arguing that Defendants did not violate Plaintiff's constitutional rights and that Defendants are entitled to qualified immunity from suit. (ECF No. 25.) There was no further activity in this case until it was transferred to the Undersigned on February 26, 2018 (ECF No. 26), and this Court issued a Writ of Habeus Corpus *ad testificandum* ordering that Plaintiff appear on March 22, 2018 for a Status Conference with Defendants. (ECF Nos. 28, 29.) At the Status Conference, the Court ordered Plaintiff to file a response to Defendants' Motion for Summary Judgment by April 3, 2018. (ECF No. 33.)

On March 29, 2018, Plaintiff filed a "Show Cause Order," purportedly as his response to Defendants' Motion for Summary Judgment (hereinafter referred to as Plaintiff's "Response"). (ECF No. 34.) Plaintiff's Response expands Plaintiff's account of Defendants' alleged conduct during the course of Plaintiff's arrest on September 17, 2013, but it fails to cite any law or rebut material facts introduced through the sworn statements attached to Defendants' Motion.

**II.     Factual Background**

The Court draws the following facts from Williford and Murphy's Affidavits and those contained in Plaintiff's Response.

On September 17, 2013, Williford observed Plaintiff driving without his seatbelt on and attempted to initiate a traffic stop. (ECF No. 25-3 at PageID 116.)[1] Plaintiff did not stop when Williford activated his blue lights and sirens; instead, he drove slowly for a distance, turned on Tunica Street, and pulled into the driveway of 1439 Tunica Street, Memphis, Tennessee. (ECF No. 25-3 at PageID 116; ECF No. 34 at PageID 141.) Plaintiff was unable to produce a driver's license and smelled strongly of alcohol, so Williford asked him to step out of his vehicle to be detained in order for Williford to identify him and investigate the source of the smell. (ECF No. 25-3 at PageID 116; ECF No. 34 at PageID 142.)

While Williford was patting down Plaintiff and checking his pockets, Plaintiff reached into his pocket, pulled out a bag of cocaine, and tried to throw it onto the vehicle's windshield. (ECF No. 25-3 at PageID 116; ECF No. 34 at PageID 141.) Plaintiff does not dispute Defendants' sworn statements that, at this time, Plaintiff began resisting Williford's attempts to detain him and tried to flee. (ECF No. 25-3 at PageID 117; ECF No. 25-4 at PageID 121.) Plaintiff's attempts to flee involved turning toward Williford and placing his arms around his waist, at which time Williford punched Plaintiff in the face three times with his closed fist. (ECF No. 25-3 at PageID 117; ECF No. 34 at PageID 142.) Immediately following this struggle, Murphy assisted Williford by placing Plaintiff in an arm lock in order to subdue Plaintiff and place him under arrest. (ECF No. 25-4 at PageID 121.) Plaintiff sustained a bloody lip during the struggle but did not request medical transport. (ECF No. 25-3 at PageID 117; ECF No. 34 at PageID 142.) Plaintiff was then transported to the Shelby County Jail located at 201 Poplar Avenue, Memphis, Tennessee. (ECF No. 25-3 at PageID 117.)

---

[1] It is unclear but immaterial whether Plaintiff disputes that he was wearing his seatbelt, but this is immaterial to the Court's analysis. (*See* ECF No. 34 at PageID 141.)

## **LEGAL STANDARDS**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Chapman v. UAW Local 1005*, 670 F.3d 677, 680 (6th Cir. 2012). "A fact is material for purposes of summary judgment if proof of that fact would establish or refute an essential element of the cause of action or defense." *Bruederle v. Louisville Metro Gov't*, 687 F.3d 771, 776 (6th Cir. 2012) (internal quotation marks omitted). "A dispute over material facts is 'genuine' 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). "When the non-moving party fails to make a sufficient showing of an essential element of his case on which he bears the burden of proof, the moving parties are entitled to judgment as a matter of law and summary judgment is proper." *Chapman*, 670 F.3d at 680 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)); *accord Kalich v. AT & T Mobility, LLC*, 679 F.3d 464, 469 (6th Cir. 2012).

"The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact." *Mosholder v. Barnhardt*, 679 F.3d 443, 448 (6th Cir. 2012) (citing *Celotex Corp.*, 477 U.S. at 323, 106 S.Ct. 2548). "Once the moving party satisfies its initial burden, the burden shifts to the nonmoving party to set forth *specific facts* showing a triable issue of material fact." *Id.* at 448-49 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 574, 89 L.Ed.2d 538 (1986) (emphasis added)).

"To withstand summary judgment, the nonmovant must present sufficient evidence to create a genuine issue of material fact." *Whitehead v. Bowen*, 301 Fed. App'x 484, 487 (6th Cir. 2008) (citing *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. 2548). A court must draw all reasonable

inferences in favor of the nonmoving party. *Phelps v. State Farm Mut. Auto. Ins. Co.*, 680 F.3d 725, 730 (6th Cir. 2012) (citing *Matsushita*, 475 U.S. at 587, 106 S.Ct. 574). "The central issue is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Id.* (quoting *Anderson*, 477 U.S. at 251–52, 106 S.Ct. 2505). "[A] mere 'scintilla' of evidence in support of the non-moving party's position is insufficient to defeat summary judgment; rather, the nonmoving party must present evidence upon which a reasonable jury could find in [his or] her favor." *Tingle v. Arbors at Hilliard*, 692 F.3d 523, 529 (6th Cir. 2012) (quoting *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505).

Pleadings and documents filed by *pro se* litigants are to be "liberally construed," and *pro se* complaints are held to a less stringent standard than those drafted by lawyers. *Cage v. Shelby Cty., Tenn.*, No. 14-2290-JDT-CGC, 2014 WL 5795544, at *3 (W.D. Tenn. Nov. 6, 2014) (citations omitted). But the leniency accorded to *pro se* litigants has its limits, and "when a pro se litigant fails to comply with an easily understood court rule, the Court need not treat him any differently than a represented litigant." *Brittenham v. Dinsa*, No. CIVA 10-10257, 2010 WL 1576842, at *1 (E.D. Mich. Apr. 20, 2010) (complaints subject to dismissal for failure to comply with Fed. R. Civ. P. 11(a)) (internal quotation marks and citations omitted). *Pro se* litigants and prisoners are not exempt from the Federal Rules of Civil Procedure. *Herron v. Barlow*, No. 15-2145-JDT-DKV, 2016 WL 1448883, at *2 (W.D. Tenn. Apr. 12, 2016).

## **ANALYSIS**

The Court reads Plaintiff's Complaint to bring claims under 42 U.S.C. § 1983 for violations of the Eighth and Fourteenth Amendments to the U.S. Constitution. (ECF No. 1 at PageID 7.) "In addressing an excessive force claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force." *Graham*

*v. Connor*, 409 U.S. 386, 394, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). All of Plaintiff's claims arise from Defendants' alleged use of excessive force during Plaintiff's arrest and their failure to provide Plaintiff with adequate medical treatment shortly thereafter. (*See* ECF No. 1 at PageID 7.) Defendants' Motion argues that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law as to Plaintiff's excess force claim. Defendants' Motion does not address Plaintiff's claim that Defendants failed to provide adequate medical treatment; however, the Court's analysis covers both of these claims.

Plaintiff's excessive force allegations implicate the Fourth Amendment, and not the Eighth Amendment, because they occurred during his arrest. "The Fourth Amendment's prohibition against unreasonable seizures of the person applies to excessive-force claims that arise in the context of an arrest or investigatory stop of a free citizen, while the Eighth Amendment's ban on cruel and unusual punishment applies to excessive-force claims brought by convicted criminals serving their sentences." *Aldini v. Johnson*, 609 F.3d 858, 864 (6th Cir. 2010) (quoting *Graham*, 409 U.S. at 394, 109 S.Ct. 1865) (Fourth Amendment); *Whitley v. Albers*, 475 U.S. 312, 318-322, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) (Eighth Amendment) (internal quotation marks and citation omitted)). An arrestee does not enjoy protection under the Eighth Amendment. Plaintiff's Complaint fails to state a plausible claim for relief under the Eighth Amendment, *see Ctr. For Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011); Fed. R. Civ. P. 8, and his purported response does nothing to support his Eighth Amendment claim.

The Court also reviews Plaintiff's claim that Defendants failed to provide adequate medical treatment under the Fourth Amendment. The Sixth Circuit has never "squarely decided whether the Fourth Amendment's objective reasonableness standard can ever apply to a plaintiff's claims for inadequate medical treatment." *Esch v. Cty. of Kent*, 699 F. App'x 509, 514 (6th Cir. 2017)

6

(finding it unnecessary to determine whether Fourth or Fourteenth Amendment applies because plaintiff's claims fail under both the deliberate indifference and objective reasonableness standards) (citations omitted); *see Hammond v. Lapeer Cty.*, 133 F. Supp. 3d 899, 914 (E.D. Mich. 2015) ("The Fourth Amendment protects an individual arrested without a warrant from acts of excessive force [from the time of arrest] through the probable cause hearing, at which time the protections of the Fourteenth Amendment will apply."); *see also Aldini*, 609 F.3d at 867 (joining the Ninth and Tenth Circuits in setting probable-cause hearing as dividing line between Fourth and Fourteenth Amendment zones of protection).

This analysis is actually beneficial to Plaintiff because the Fourth Amendment's objective reasonableness test is a less stringent standard for a plaintiff to meet than the deliberate indifference tests under the Eighth and Fourteenth Amendments. *Smith v. Erie Cty. Sheriff's Dep't*, 603 F. App'x 414, 419 (6th Cir. 2015) (quoting *Darrah v. City of Oak Park*, 255 F.3d 301, 307 (6th Cir. 2001); citing *Napier v. Madison Cty., Ky.*, 238 F.3d 739, 742 (6th Cir. 2001) (drawing similarities under Eighth and Fourteenth Amendments)) (internal quotation marks and citation omitted). "[B]ehavior that does not arise to the level of a Fourth Amendment violation cannot offend the Fourteenth." *Id.* (finding that if defendants acted reasonably under Fourth Amendment, there can be no violation of more burdensome deliberate indifference standard under Fourteenth Amendment) (citing *Wilson v. Spain*, 209 F.3d 713 (8th Cir. 2000)). However, despite the Fourth Amendment's less stringent test, Defendants have established that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law as to Plaintiff's claims.

**I.      Use of Excessive Force**

The Fourth Amendment requires that an officer's use of force be objectively reasonable when effectuating a seizure of a person. *Graham*, 490 U.S. at 395, 109 S.Ct. 1865. This analysis is flexible and "not capable of precise definition or mechanical application," *id.* at 396, 109 S.Ct. 1865 (internal quotation marks and citation omitted), but amounts to a determination of whether the totality of the circumstances justifies the seizure. *Tennessee v. Garner*, 471 U.S. 1, 7, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985). This flexible determination is an objective one, "considered from the perspective of a hypothetical reasonable officer in the defendant's position and with his knowledge at the time, but without regard to the actual defendant's subjective intent when taking his actions." *Latis v. Phillips*, 878 F.3d 541, 547 (6th Cir. 2017). Factors to be considered in determining whether the force applied in the seizure was unreasonable include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempted to evade arrest by flight." *Graham*, 490 U.S. at 396, 109 S.Ct. 1865. These factors help the court ultimately determine whether "the officer ha[d] probable cause to believe that the suspect pos[ed] a threat of serious physical harm, either to the officer or to others." *Garner*, 471 U.S. at 11, 105 S.Ct. 1694; *see also Foster v. Patrick*, 806 F.3d 883, 887 (6th Cir. 2015).

Here, even in viewing the evidence in the light most favorable to Plaintiff, the Court finds that an objectively reasonable officer with Williford's knowledge and in his position would have had probable cause to believe that Plaintiff posed a threat of serious physical harm to Defendants. Plaintiff smelled strongly of alcohol and removed his hand from his vehicle and placed it into his pocket during a pat down. (ECF No. 25-3 at PageID 116; ECF No. 34 at PageID 142.) There is no evidence in the record to show that Williford knew what was in Plaintiff's pocket when Plaintiff

put his hand in it, which would understandably provide probable cause to believe that Plaintiff posed a threat of serious physical harm to Williford and Murphy.

After removing his hand from his pocket, Plaintiff turned towards Williford, placing his arms near Williford's waist, and attempted to flee. (ECF No. 25-3 at PageID 117; ECF No. 25-4 at PageID 121.) Considering the *Graham* factors and the totality of the circumstances, it was objectively reasonable for Williford punch Plaintiff in the face three times in order to subdue him and place him under arrest. It is notable that Williford did not use any chemical spray, his baton, or his service weapon, and there is sufficient evidence to show that he was making a split-second decision. "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Graham*, 490 U.S. at 396–97, 109 S.Ct. 1865. Given Plaintiff's actions and his proximity to Williford, Defendants' use of force in punching Plaintiff and then placing him in an arm lock were objectively reasonable, and Defendants' did not use excessive force in arresting Plaintiff.

The only conceivable factual dispute that Plaintiff's Response contains is the statement that "Officer Williford continued to use excessive force and assaults while [O]fficer Murphy held [P]laintiff['s] hands behind his back." (ECF No. 34 at PageID 142.) Such a conclusory statement "unadorned with supporting facts [is] insufficient to establish a factual dispute that will defeat summary judgment." *Alexander v. CareSource*, 576 F.3d 551, 559 (6th Cir. 2009) (citing *Lewis v. Philip Morris Inc.*, 35 F.3d 515, 533 (6th Cir. 2004); *Doren v. Battle Creek Health Sys.*, 187 F.3d 595, 598–99 (6th Cir. 1999) (parenthetical citations omitted)). Plaintiff's Response thus fails to raise a genuine issue of material fact, further making summary judgment appropriate.

Defendants' Motion for Summary Judgment is GRANTED as to Plaintiff's Fourth Amendment claim for use of excessive force.

Defendants also raise the defense of qualified immunity in their Motion. (ECF No. 25-1 at PageID 104.) "Qualified immunity is a shield to § 1983 liability and, when raised, the burden to show that a defendant is not entitled to qualified immunity shifts to a plaintiff." *Smith*, 603 Fed. App'x at 418 (citing *Chappell v. City of Cleveland*, 585 F.3d 901, 907 (6th Cir. 2009)). "To show that qualified immunity is not warranted, a plaintiff must show that: (1) undisputed evidence gives rise to a constitutional violation; and (2) the right was clearly established at the time of the incident." *Id.* (citing *Hensely v. Gassman*, 693 F.3d 681, 687 (6th Cir. 2012); *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)). "Qualified immunity must be granted if the plaintiff cannot establish each of these three elements." *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 302 (6th Cir. 2005) (citing *Williams ex rel. Allen v. Cambridge Bd. of Educ.*, 370 F.3d 630, 636 (6th Cir. 2004)). The Court finds that Defendants are also entitled to qualified immunity because of its determination that Plaintiff suffered no constitutional violation, *see Pearson v. Callahan*, 555 U.S. 223, 232, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009) (stating that first step in qualified immunity analysis is to determine whether officer's conduct violated constitutional right), and Plaintiff's Response fails to address Defendants' qualified immunity defense. For these reasons, Defendants' Motion is GRANTED on the basis of their qualified immunity defense.

## II. Failure to Provide Medical Treatment

The Court examines Defendants' alleged failure to provide Plaintiff with adequate medical treatment under the Fourth Amendment's objectively reasonable standard. In *Esch*, the Sixth Circuit relied on the Seventh Circuit's standard of review for inadequate medical care cases,

> Four factors inform our determination of whether an [official's] response to [a plaintiff's] medical needs was objectively unreasonable: (1) whether the officer has notice of the detainee's medical needs; (2) the seriousness of the medical need; (3) the scope of the requested treatment; and (4) police interests, including administrative, penological, or investigatory concerns. [*Williams v. Rodriguez*, 509 F.3d 392, 403 (7th Cir. 2007)]. [The plaintiff] must also show that the defendants' conduct caused the harm of which she complains. See *Gayton v. McCoy,* 593 F.3d 610, 620 (7th Cir. 2010) . . . . "[T]he severity of the medical condition under this standard need not, on its own, rise to the level of objective seriousness required under the Eighth and Fourteenth Amendments. Instead, the Fourth Amendment's reasonableness analysis operates on a sliding scale, balancing the seriousness of the medical need with the third factor—the scope of the requested treatment." 509 F.3d at 403.

*Esch*, 699 F. App'x at 515 (quoting *Ortiz v. City of Chicago*, 656 F.3d 523, 530–31 (7th Cir. 2011)). Like Plaintiff's excess force claim, this Court reviews the inadequate medical treatment claim under "the totality of the circumstances, analyzing the facts 'from a perspective of a reasonable [official in either Williford or Murphy's position], rather than with the 20/20 vision of hindsight.'" *Darrah*, 255 F.3d at 307 (quoting *Graham*, 490 U.S. at 396, 109 S.Ct. 1865).

Here, the only evidence before the Court regarding Plaintiff's medical condition is that Plaintiff suffered from a bloody lip after his struggle with Williford. (ECF No. 25-3 at PageID 117; ECF No. 25-4 at PageID 122.) It is also undisputed that Plaintiff did not request medical attention during any time relevant to his claim. (ECF No. 25-3 at PageID 117; ECF No. 25-4 at PageID 122; ECF No. 34 at PageID 142.) Plaintiff appears to argue that he did not request medical attention because he was afraid to speak up, purportedly because Williford threatened to charge him with assault and knew that Plaintiff was on parole. (ECF No. 34 at PageID 142.) However, neither Williford's nor Murphy's subjective intentions are relevant to the Court's Fourth Amendment inquiry. *See Esch*, 699 Fed. App'x at 513; *Aldini*, 609 F.3d at 865. There are no genuine issues of material fact regarding Plaintiff's inadequate medical treatment claim, and the Court finds that Defendants' actions were objectively reasonable under the Fourth Amendment.

In light of Defendants' Motion and the evidence before the Court, the Court GRANTS *sua sponte* summary judgment in favor of Defendants as to Plaintiff's Eighth Amendment claim. *See Smith*, 603 F.3d at 422-23 (finding "no abuse of discretion in a *sua sponte* grant [of summary judgment] if the losing 'party was on notice that he had to muster the necessary facts to withstand summary judgment,' *Excel Energy, Inc. v. Cannelton Sales Co.,* 246 Fed. App'x 953, 959–60 (6th Cir. 2007), and had a reasonable opportunity to respon[d]" *Bennett v. City of Eastpointe,* 410 F.3d 810, 816 (6th Cir. 2005)). Plaintiff has had well over one year of notice and an opportunity to respond to Defendants' Motion and has failed to do so. Plaintiff's Response does not create any genuine issue of material fact or respond in any way to Defendants' legal arguments.

## **CONCLUSION**

Here, the Court finds that Defendants have carried their burden as the movants to show that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. For the foregoing reasons, Defendants' Motion for Summary Judgment is GRANTED. A Judgment in favor of Defendants will follow the entry of this Order.

**SO ORDERED**, this 13th day of April, 2018.

                                              s/ Thomas L. Parker
                                              THOMAS L. PARKER
                                              UNITED STATES DISTRICT JUDGE